UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P229-S

**ROBERT BRIAN COOPER**                                                              **PLAINTIFF**

**v.**

**STEVE C. CARTER** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss the action.

**I. SUMMARY OF CLAIMS**

The plaintiff is an inmate currently confined at the Grayson County Detention Center. He brings this action against Stephen C. Carter, a United States Probation Officer; David W. Spoekler, Supervising U.S. Probation Officer; United States District Court Judge Thomas B. Russell; and former Attorney General John Ashcroft. The plaintiff claims that Defendant Carter negligently sent the plaintiff's revised presentence investigation report along with other confidential information to the home of his mother, who read the documents upon their receipt. The plaintiff complains that this action has jeopardized his possible home placement and created problems in his family. He seeks money damages and a reprimand for Defendant Carter.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain

a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Here, none of the defendants are "persons acting under color of state law." However, a plaintiff may file suit in federal court arising from a violation of plaintiff's constitutional rights by persons acting under the color of *federal* law. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. Gen. Elec. Co.*, 812 F.Supp. 308, 322 (N.D. N.Y. 1993).

With the exception of the claims asserted against Defendant Carter, the plaintiff failed to set forth any facts that demonstrate how he believes the other named defendants violated his federally protected rights. To state a claim for relief, a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which the plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This means that a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l*

3

*Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). As for the negligence claim asserted against Defendant Carter, the plaintiff's claim fails because negligence of government officials cannot give rise to a *Bivens* cause of action. *Compare Daniels v. Williams*, 474 U.S. 327, 333 (1986) (holding that claims based upon negligence are not cognizable under § 1983); *Shaner v. United States*, 976 F.2d 990 (6th Cir. 1992) (holding that the negligent conduct of federal officials does give rise to a constitutional violation).

Because the plaintiff failed to state a claim upon which relief may be granted against any of the named defendants, the court will dismiss his complaint and enter an order consistent with this opinion.

Date:

cc: Plaintiff
    Defendants
    4411.002

4